IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
SEP 16 2011
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Bernard Ray Richardson, )
    Petitioner, )
  )
v. ) 1:09cv218 (JCC/IDD)
  )
Gene M. Johnson, )
    Respondent. )

## CORRECTED MEMORANDUM OPINION

Bernard Ray Richardson, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the lawfulness of the revocation of his parole and the resultant computation of his sentence. By Order dated April 15, 2009, petitioner was directed to provide additional information as to the timeliness of his petition and the procedural default of the claims asserted. Petitioner submitted a response to the Court's Order in which he stated that the parole violation issue the Court initially perceived was "only one claim" that he wished to raise, and that he also intended to raise two additional claims which previously were presented to the Virginia Supreme Court. However, petitioner did not clearly articulate the nature of those claims, and instead simply drew the Court's attention to the opinion of the Virginia Supreme Court. Since it was difficult to discern the precise nature of the claims or the procedural defenses that might be applicable to them without having access to the appropriate state court records, respondent was directed to show cause why the petition should not be granted. Respondent has now filed a Rule 5 Answer and Motion to Dismiss with a supporting brief and exhibits, along with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K). Petitioner has filed a rebuttal to respondent's Motion. For the reasons that follow, petitioner's claims for habeas corpus

relief must be dismissed. Also pending are petitioner's two Motions for Summary Judgment and a Letter Motion to Grant the Writ of Habeas Corpus, all of which will be denied.

### I.

Exhibits supplied by the respondent reveal that petitioner presently is incarcerated pursuant to a total sentence of 28 years, 36 months and 10 days for convictions of statutory burglary, petty larceny, possession of burglary tools, assault and battery, driving under the influence, and breaking and entering. Resp. Ex. A, Pt. 2, Aff. of Wendy K. Brown, Manager of the Court and Legal Services Section for the Va. Dep't of Corr. (hereinafter "Aff."), ¶ 4. Petitioner initially was sentenced by the Fairfax County Circuit Court on November 26, 1986 to serve two years for statutory burglary. On May 4, 1987, the Stafford County Court sentenced petitioner to serve a total of 15 years and 12 months for statutory burglary, petty larceny, and possession of burglary tools. Petitioner was received by the Virginia Department of Corrections ("VDOC") on September 16, 1987. While he was incarcerated, petitioner received an additional sentence of six months for assault and battery from the Clark County Circuit Court. Aff., ¶¶ 6 - 10. On June 18, 2002, petitioner was released on mandatory parole. Aff., ¶ 11.

On May 6, 2003, petitioner was arrested for parole violation. He received a net sentence of ten days for driving under the influence from the Fairfax County General District Court on October 27, 2003. On May 4, 2004, petitioner was sentenced to three years for breaking and entering, two years for possession of burglary tools, and 12 months for petty larceny by the Charlottesville Circuit Court. The following day, petitioner received sentences of two years each on three counts of statutory burglary plus six months for petty larceny from the Albemarle County Circuit Court. On August 10, 2004, petitioner was returned to VDOC custody, and his parole was revoked on

November 29, 2004. Aff., ¶¶ 11 - 16. In accordance with the Virginia Parole Board Policy and Va. Code §§ 53.1-159 and 53.1 - 165, the Board directed that petitioner serve the portion of his original sentence that remained unserved when he was released on parole, for an addition of two years, seven months and 53 days to his total sentence.

On or about March 24, 2008, petitioner filed a petition for a writ of habeas corpus with the Virginia Supreme Court. Petitioner argued that according to the Virginia Code, he was required to serve only 85% of each sentence imposed upon him. Further, he contended that Virginia sentencing law had been violated in several of his cases, because in his view a sentencing court is required to suspend between six months and three years of any sentence "for post-release supervision." Petitioner asserted that VDOC had no discretion concerning the calculation of the time he had to serve prior to being released, and he complained that his 1986 sentence had been wrongfully merged with his 2004 sentences, because he had satisfied the 1986 sentence in December, 2002. On October 10, 2008, the Virginia Supreme Court dismissed petitioner's habeas application on the following holding:

> The Court holds that petitioner's claims are not cognizable in a petition for writ of habeas corpus. Petitioner seeks declaration concerning the manner in which the Department of Corrections will calculate his sentences and the conditions that will be imposed upon him when he is released. 'The writ is available only where the release of the prisoner from his immediate detention will follow as a result of an order in his favor. It is not available to secure a judicial determination of any question which, even if determined in the prisoner's favor, could not affect the lawfulness of his immediate custody and detention.' Virginia Parole Bd. v. Wilkins, 255 Va. 419, 420-21, 498 S.E.2d 695, 696 (1998).
>
> * * *
>
> Accordingly, the petition is dismissed ....

3

Richardson v. Dir., Dep't of Corr., R. No. 080581 (Va. Oct. 10, 2008).

Richards filed the instant federal petition on February 23, 2009.[1] In the initial petition and attachments, petitioner argued that when he was released from custody by virtue of mandatory parole release on June 18, 2002, he had served 15 ½ years on a total sentence of 17 years and 18 months, so he had satisfied the maximum term of 85% of the sentence imposed without regard to good conduct time credit, in conformity with Va. Code 53.1-159. Pet. at 2 - 3. He further contended that the Virginia Parole Board was required to release him from parole on December 18, 2002, so that the revocation of his parole on November 29, 2003, and his subsequent return to prison violated his right to due process and the ex post facto prohibition. Pet. at 3 - 4. As noted above, petitioner stated in his response to the Order of April 15, 2009, that he also intended to raise the additional arguments which he previously presented in his habeas corpus application to the Virginia Supreme Court.

## II.

It appears that the applicable statute of limitations, 28 U.S.C. § 2244(d), bars the claims presented. A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). In the instant case, petitioner's parole was revoked on November 29, 2004. Therefore, the factual predicate of his present claims was or could have been known to him on that date. In

---

[1] A pleading submitted by an incarcerated person is deemed filed when it is delivered to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In this case, petitioner certified that he placed his petition in the prison mailing system on February 23, 2009. Pet. at 13.

calculating the one-year period, the Court generally must exclude the time during which properly-filed state collateral proceedings pursued by a petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts); Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that a state collateral proceeding is not "properly filed" for purposes of tolling the federal limitations period if it is filed untimely under state law). Here, however, petitioner did not commence his first postconviction proceeding relevant to his instant claims until March 24, 2008, when he filed his petition for a writ of habeas corpus in the Supreme Court of Virginia. Since by then approximately three years and four months had elapsed since petitioner's parole was revoked and the factual predicate of his claims was or should have been known to him, the federal statute of limitations had expired, so the pendency of the state habeas proceeding could not toll the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.") ; Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a state postconviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); Rashid v. Khulmann, 991 F.Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Accordingly, this petition is untimely under § 2244(d), unless petitioner can establish that the statute of limitations does not apply or should otherwise be tolled. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (requiring notice and the opportunity to respond before a sua sponte dismissal under § 2244(d)).

In his response to the Court's Order of Order of April 15, 2009, petitioner argues that the

Virginia Supreme Court caused the late filing of this federal petition by refusing to rule earlier in petitioner's other cases. Attached to the response are exhibits which demonstrate that petitioner first filed a single habeas corpus petition directed to his convictions in both the Circuit Court for the City of Charlottesville and the Circuit Court of Albemarle County in July, 2004. The petition was dismissed without prejudice on November 16, 2004, with directions to petitioner to file separate applications for relief from the two convictions. The Court noted that the petition also was premature as to the Albemarle County convictions, because the direct appeal was still pending. Richardson v. Superintendent, Albemarle/Charlottesville Regional Jail, R. No. 041669 (Va. Nov. 16, 2004). In subsequent proceedings, petitioner separately challenged the constitutionality of the Charlottesville and Albemarle County convictions. See Richardson v. Warden, Mecklenberg Correctional Center, R. No. 042754 (Va. May 3, 2005) (awarding petitioner a writ of habeas corpus limited to the issue of the denial of his right to appeal the Charlottesville convictions, denying a claim of ineffective as barred, and dismissing remaining claims without prejudice to renewal in a subsequent petition); Richardson v. Warden, Mecklenberg Correctional Center, R. No, 154797 (Dec. 20, 2005) (dismissing claims of conspiracy between defense counsel and Commonwealth's Attorney and judicial misconduct as barred, and claims of denial of right to speedy trial and ineffective assistance as premature, since direct appeal of the Charlottesville convictions was still pending).

Upon review, these documents make it plain that the additional proceedings to which petitioner points have no bearing on the timeliness of the instant petition. The issues raised in the instant proceeding all concern the lawfulness of decisions by the Virginia Parole Board to revoke petitioner's parole and by the Virginia Department of Corrections in computing his sentence. As

explained above, although petitioner's parole was revoked on November 29, 2004, he waited until March of 2008 to file a petition challenging that action with the Virginia Supreme Court. The interim proceedings reflected in petitioner's exhibits did not challenge either the decision to revoke his parole or the subsequent computation of his sentence by VDOC, but instead concerned the lawfulness of entirely separate judgments of conviction rendered by two Virginia trial courts. Therefore, those proceedings did not act to toll the limitations period for filing a challenge to the orders at issue here,[2] and this petition must be dismissed as time-barred.

### III.

Even if it were determined that this petition were timely, the claims raised still would be procedurally barred from review on the merits. Before bringing a federal habeas petition, state prisoners must first exhaust their claims in the appropriate state court. Failure to exhaust all claims requires dismissal of the complaint to allow the petitioner to first present his claims to the appropriate state courts. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, before filing a petition for federal relief, a petitioner must first present the same factual and legal claims to the Supreme Court

---

[2]Moreover, even if the habeas proceedings to which petitioner points were relevant to computing the limitations period as to the judgments at issue here, at least two were dismissed as prematurely filed since the direct appeal from the criminal conviction was still pending. As such, they were not "properly filed"as that term is defined in Pace, supra, and would not have tolling effect. See Laboy v. Carroll, 437 F. Supp.2d 260, 264 (D. Del. 2006) (state postconviction motions filed before conviction became final did not act to toll § 2244(d) limitations period).

of Virginia on direct appeal, or in a state habeas corpus petition. See, e.g., Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quoting Picard v. Connor, 404 U.S. 270, 275-78 (1971) for the proposition that for a claim to be exhausted, "both the operative facts and the 'controlling legal principles' must be presented to the state court."); Pruett v. Thompson, 771 F.Supp. 1428, 1436 (E.D.Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993) (exhaustion requirement is satisfied when "allegations advanced in federal court ... [are] the same as those advanced at least once to the highest state court.").

This does not end the exhaustion analysis, however, because "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, however, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162).

In this case, review of Richardson's habeas corpus application to the Virginia Supreme Court, Resp. Ex. A, Pt. 1, reveals that while he presented the same factual claims in that proceeding that he makes here, he expressed them solely as errors of Virginia law and made no argument that his rights to due process or to be free of ex post facto punishment thereby were violated. Therefore, the same legal claims petitioner makes here have not been presented to the Supreme Court of Virginia, so the claims of this petition remain unexhausted. Matthews, 105 F.3d at 910-11. Moreover, although petitioner did not properly present his constitutional claims to the Supreme Court of Virginia, they are nonetheless treated as exhausted because he is now precluded from

raising them in state court. Specifically, the claims are procedurally defaulted under Virginia Code § 8.01-654(A)(2) (providing a statute of limitations for state habeas petitions) and Virginia Code § 8.01-654(B)(2) (barring successive state habeas petitions). Therefore, the instant claims are simultaneously exhausted and defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996). Here, petitioner in his response to the Court's Order of April 15 failed to show cause sufficient to excuse his default or prejudice resulting therefrom. Therefore, even if the instant petition had been filed timely, petitioner's claims still would be procedurally barred from consideration on the merits.

## IV.

Also pending before the Court are motions filed by petitioner for summary judgment and for an order granting the writ of habeas corpus. For the reasons expressed above, it is apparent that petitioner is not entitled to the relief he seeks, and his motions will be denied.

## V.

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition for habeas corpus relief will be dismissed with prejudice. Petitioner's motions for issuance of the writ and for summary judgment will be denied. An appropriate Order shall issue.

Entered this 16th day of September 2011.

/s/
James C. Cacheris
United States District Judge

Alexandria, Virginia